WILLIAM C. WALKER, Administrator.

*vs.*

REDINGTON LUMBER COMPANY.

Franklin.    Opinion December 26, 1893.

*Negligence.    Voluntary Exposure.*

When one receives an injury, through his own negligence, by exposing himself to dangers of which he had ample opportunity to be informed, he cannot maintain an action therefor.

ON REPORT.

This was an action on the case against the defendant for negligently and carelessly maintaining a skid-way or landing so near to the passing trains of the Phillips and Rangeley Railroad as to endanger the lives and limbs of persons having occasion to pass upon the trains and in the management thereof, whereby the plaintiff's intestate, a brakeman on one of such trains, received injuries that resulted in the loss of his life.

The plea was the general issue.

The evidence for the plaintiff being taken out, it was agreed that the case be reported to the Law Court, with the stipulation that, if the court shall be of opinion that the plaintiff has a cause of action against the defendant, the case shall stand for trial; otherwise a nonsuit to be entered.

The facts are stated in the opinion.

*B. Emery Pratt*, for plaintiff.

*F. E. Timberlake*, for defendant.

SITTING : PETERS, C. J., WALTON, EMERY, FOSTER, HASKELL, WHITEHOUSE, JJ.

HASKELL, J. A brakeman was last seen alive leaning from the steps of the forward end of a passenger car on the Phillips and Rangeley Railroad, looking backward and under the car, while the train was moving on a down grade. He set his brake, stepped down on the steps, and, holding on by the guard rails, leaned over, looking backward and under the car, evidently to observe whether the wheels were sliding. He returned to the brake, set it up, and then resumed his place of observation. The car passed a skid-way about level with its floor and at least twenty-nine inches distant from it. The skid-way had been used by the defendant previously in loading logs upon platform cars. Presumably some part of the brakeman's body struck the skid-way that brushed him aside, and, hanging on for his life, he was carried a short distance, and then fell under the car and was killed.

Assuming all other facts necessary to charge the defendant to be proved, what excuse can be given for the carelessness of the deceased? He had been passing daily by a lumber landing as far away from the sides of the cars as all ordinary platforms are, although passenger platforms, in these days, are much lower on standard guage roads than the floors of the cars. It was no part of his duty to lean from the car to observe the effect of his brake upon the wheels. He could ordinarily tell from his post at the brake rod when the wheels began to slide. It was the sixth of October. There could not have been snow or ice upon the rail so as to have made it more difficult to tell how well the brake was holding. He carelessly exposed himself to danger, of which he must have previously had notice, and, although his misfortune was great, others cannot be held to share it with him or bear it for him.

*Plaintiff nonsuit.*